IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN CELENTO,         )
                                      )
        Plaintiff,         )
                                      )
      vs.                    )        Civil Action No. 13-269
                                      )
MICHAEL ASTRUE, COMMISSIONER OF  )
THE SOCIAL SECURITY                 )
ADMINISTRATION,                     )
                                      )
        Defendant.        )

O R D E R

       AND NOW, this 24th day of September, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] As stated above, substantial evidence supports the decision of the Administrative Law Judge ("ALJ"). However, Plaintiff's primary contention warrants further discussion. He argues that the ALJ erred in finding that he was not entitled to DIB benefits because his alcoholism was a contributing factor material to the determination of disability. Specifically, Plaintiff argues that the record shows that his substance abuse ended in mid-2010, and that his underlying mental impairments cannot be separated from the effects of his substance abuse. He asserts, therefore, that his alcohol abuse could not have been material to the determination of his disability. The Court disagrees.

Taking Plaintiff's substance abuse disorder into account, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except that he is able to lift and carry 10 pounds occasionally, stand/walk 2 hours in an 8-hour day, and sit 6 hours in an 8-hour day. She further determined that Plaintiff can occasionally climb ramps and stairs, but never ladders, ropes, and scaffolds; that he can occasionally balance, stoop, kneel, crouch, and crawl; that he is limited to overhead reaching with his left, non-dominant arm; and that he should avoid concentrated exposure to heat/cold, wetness, humidity, fumes, dust, gases, and poor ventilation, and all hazards, such as dangerous machinery or heights. She further found that his work must be isolated from the public and involve only occasional interaction with supervisors and co-workers. In addition, she found that Plaintiff would be absent from work 3-4 days per month, "***[d]ue to 'self-medication' via alcohol abuse***." (R. 36) (emphasis added). Based on this RFC, the ALJ determined that Plaintiff is disabled.

However, the ALJ found that there was medical evidence that Plaintiff had a substance abuse disorder. Pursuant to 20 C.F.R. § 404.1535, when there is evidence of alcoholism, the adjudication consideration is whether the substance abuse is a contributing factor material to the determination of disability. The "key factor" in determining whether alcoholism is material to a determination of disability is whether the claimant would still be found to be disabled if he or she stopped using alcohol. See id. at § 404.1535(b)(1). The focus of the inquiry is on the limitations that would remain if the substance use ceased, and whether those limitations are disabling, regardless of their cause. See id. at § 404.1535(b)(2). See also Ford v. Barnhart, 78 Fed. Appx. 825, 827 (3d Cir. 2003). In other words, in order to be found disabled, a claimant must have a disabling condition independent of his or her alcohol abuse.

The ALJ, in following this procedure, determined Plaintiff's RFC assuming he stopped his alcohol use. The ***only*** difference between this RFC determination and the one taking Plaintiff's alcohol abuse disorder into account was that the RFC if Plaintiff stopped his substance use did not include the limitation that he would miss three to four days of work per month. Based on this RFC, the vocational expert determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (R. 65, 92-94). The ALJ, accordingly, found that the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Plaintiff could perform these jobs and found him to be not disabled.

    Based on these facts, Plaintiff's argument regarding alcohol abuse after mid-2010 misses the mark. Likewise, there is no real issue as to whether his underlying mental impairments can be separated from the effects of his substance abuse. The significant fact that neither party has addressed is that the only change in Plaintiff's RFC factoring out his substance abuse disorder is that he would no longer be expected to miss 3-4 days of work per month. The rest of the original RFC remained intact. The express reason why the limitation regarding work attendance had been included in the original RFC was to account for Plaintiff's self-medication via alcohol abuse. None of the treating or consulting professionals opined that Plaintiff's mental impairments would cause such attendance issues, nor is there any other evidence in the record that would show that Plaintiff's mental impairments would cause such an absenteeism problem.

    Whether or not Plaintiff continued to use alcohol after 2010 is not relevant – the restriction regarding work absences, the only restriction affected by factoring out Plaintiff's alcohol use, was expressly based on Plaintiff's alcohol abuse and applied only during periods when Plaintiff was actively self-medicating with alcohol. In other words, if it were not for Plaintiff's alcohol abuse, this restriction would not apply at all. Accordingly, substantial evidence supports the ALJ's decision that Plaintiff is not disabled because his substance abuse disorder was a contributing factor material to the determination of disability.